*WENDY J. OLSON, IDAHO STATE BAR 7634*
*UNITED STATES ATTORNEY*
*CHRISTIAN S. NAFZGER, IDAHO STATE BAR NO. 6286*
*ANTHONY G. HALL, IDAHO STATE BAR NO. 2951*
*ASSISTANT UNITED STATES ATTORNEYS*
*DISTRICT OF IDAHO*
*WASHINGTON GROUP PLAZA IV, SUITE 600*
*800 EAST PARK BOULEVARD*
*BOISE, IDAHO 83712-7788*
*TELEPHONE: (208) 334-1211*
*FACSIMILE: (208) 334-1038*

U.S. COURTS

NOV 1 5 2012

Rcvd_____Filed_____Time_____
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

*UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR No. 12-136-S-EJL |
| | ) | |
| Plaintiff, | ) | SUPERSEDING INDICTMENT |
| | ) | |
| vs. | ) | 18 U.S.C. §§ 2 and 371 |
| | ) | 18 U.S.C. §§ 1956(a)(1) and (h) |
| WILLIAM OLDENBURG and | ) | 18 U.S.C. § 1957 |
| DONOVAN JOHNS, | ) | 21 U.S.C. § 813 |
| | ) | 21 U.S.C. § 841(a)(1) |
| Defendants. | ) | 21 U.S.C. § 841(b)(1)(C) |
| | ) | 21 U.S.C. § 846 |
| | ) | 21 U.S.C. § 853(a)(1) and (2) |
| | ) | 21 U.S.C. § 863 |
| | ) | 21 U.S.C. § 863(c) |
| | ) | 31 U.S.C. § 5324 |

The Grand Jury charges:

<u>Introduction</u>

At all times relevant to this indictment:

*SUPERSEDING INDICTMENT - 1*

1.      Defendant WILLIAM OLDENBURG is the owner of Gary's Dream, LLC, which operates Boise Beverage and Tobacco and The Pit Stop Express, which are commonly referred to as "head shops" – businesses engaged in the unlawful sale of drug paraphernalia to drug users and drug traffickers.  Defendant DONOVAN JOHNS is a member of Gary's Dream, LLC. Boise Beverage and Tobacco is located at 6469 West Fairview Avenue, Boise, Idaho.  The Pit Stop Express is located at 10249 West Fairview Avenue, Boise, Idaho.

2.      Items of drug paraphernalia were typically sold by the defendants and their employees under the guise of "tobacco products," or with claims of other "legitimate" uses.  This drug paraphernalia included multi-colored glass, metal, wooden and ceramic smoking pipes, concealment pipes, bongs, water bongs, one-hitters, dugouts, digital scales, hiding and concealment containers, vaporizers and body-cleansing solutions.

3.      OLDENBURG and his employees referred to many items of this drug paraphernalia as "smoking accessories," to be used only to smoke tobacco.  However, virtually all of the smoking devices sold by the defendant are commonly used to ingest marijuana, hashish, and/or other illegal drugs – not tobacco.  Other items sold by the defendants are commonly used by drug traffickers to weigh and package controlled substances.  Masking and cleansing agents were sold to people wishing to pass drug tests, thereby concealing the presence of illegal drugs in their body.

4.      Drug paraphernalia, as defined in Title 21, United States Code, Section 863(d), means any equipment, product, or material of any kind which is primarily intended or designed for use in manufacturing, compounding, converting, concealing, producing, processing, preparing, injecting, ingesting, inhaling, or otherwise introducing marijuana, hashish, hashish oil, cocaine, PCP, methamphetamine, or amphetamines into the human body, such as: metal, wooden, acrylic, glass, stone, plastic or ceramic pipes with or without screens, permanent

*SUPERSEDING INDICTMENT - 2*

screens, hashish heads, or punctured metal bowls; water pipes, carburetion tubes and devices, smoking and carburetion masks, roach clips: meaning objects used to hold burning material, such as a marijuana cigarette, that has become too small or too short to be held in the hand; miniature spoons with level capacities of one-tenth cubic centimeter or less; chamber pipes; carburetor pipes; electric pipes; air-driven pipes; chillums; bongs; ice pipes or chillers; wired cigarette papers; or cocaine freebase kits. *See* 21 U.S.C. § 863(d).

5.     Drug paraphernalia comes in many shapes, sizes and designs. Various terms identify different kinds of paraphernalia, a few of which include the following: "bong" is a sealed chamber partially filled with water, which is used to smoke marijuana. Smoke from the burning marijuana enters the water chamber, where it is cooled and forced deeply into the lungs by increasing and decreasing the air pressure in the bong. "Water pipes" are used to draw marijuana smoke through water before reaching the lungs. A "chillum" is a narrow funnel, typically made out of glass, clay, and other materials, which is used to smoke marijuana. "Grinders" are used to prepare methamphetamine, cocaine, marijuana and other drugs for use.

6.     Wells Fargo Bank, N.A., a member of the Federal Deposit Insurance Corporation; Idaho Banking Company, a member of the Federal Deposit Insurance Corporation; and MetaBank were domestic financial institutions within the meaning of Title 31, United States Code, Sections 5312 and 5313(a), and the regulations issued thereunder. Title 31, United States Code, Section 5313(a), and regulations issued thereunder, required that each domestic financial institution file a Currency Transaction Report as to each deposit, withdrawal, exchange of currency or other payment or transfer, by, through, or to such financial institution which involved a transaction in currency of more than $10,000.

## COUNT ONE

**Conspiracy to Sell, Offer for Sale, and Transport Drug Paraphernalia**
**21 U.S.C. §§ 846, 863**

Beginning on an unknown date, but existing at least between the October 2011 and May 10, 2012, in the District of Idaho and elsewhere, the defendants, WILLIAM OLDENBURG and DONOVAN JOHNS, acting individually and through Gary's Dream, LLC, and doing business as Boise Beverage and Tobacco, did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with other persons, both known and unknown to the Grand Jury, to sell, offer for sale, and transport drug paraphernalia, as drug paraphernalia is defined in Title 21, United States Code, Section 863(d), in violation of Title 21, United States Code, Sections 863(a)(1) and 863(a)(2).  In furtherance of this conspiracy, the defendants and their co-conspirators committed acts including, but not limited to the acts set forth in this Superseding Indictment, and the following:

On or about January 3, 2012, in the District of Idaho, the defendants' employee sold drug paraphernalia, as drug paraphernalia is defined in Title 21, United States Code, Section 863(d), that is: a "Detoxify Body Clean" drug screening test, to an undercover law enforcement officer.

On or about February 2, 2012, in the District of Idaho, the defendants' employee sold drug paraphernalia, as drug paraphernalia is defined in Title 21, United States Code, Section 863(d), that is: a brown glass pipe with "420" displayed on the side of the pipe, to an undercover law enforcement officer.

On or about April 4, 2012, in the District of Idaho, the defendant, WILLIAM OLDENBURG, and one of his employees, sold drug paraphernalia, as drug paraphernalia is defined in Title 21, United States Code, Section 863(d), that is: a small yellow glass

smoking device with an emblem of Bob Marley on the shaft, to an undercover law enforcement officer.

All in violation of Title 18, United States Code, Sections 846 and 863.

## COUNT TWO

### Offer Drug Paraphernalia for Sale
### 21 U.S.C. § 863(a)(1)

Beginning on an unknown date, but existing at least between October 2011, and May 10, 2012,  in the District of Idaho, the defendants, WILLIAM OLDENBURG and DONOVAN JOHNS, did offer drug paraphernalia for sale, as drug paraphernalia is defined in Title 21, United States Code, Section 863(d); all in violation of Title 21, United States Code, Sections 863(a)(1) and (b).

## COUNT THREE

### Sale of Drug Paraphernalia
### 21 U.S.C. § 863(a)(1)

On or about April 4, 2012, in the District of Idaho, the defendant, WILLIAM OLDENBURG, sold drug paraphernalia, as drug paraphernalia is defined in Title 21, United States Code, Section 863(d), that is: a small yellow glass smoking device with an emblem of Bob Marley on the shaft, to an undercover law enforcement officer; all in violation of Title 21, United States Code, Section 863(a)(1) and (b).

## COUNT FOUR

### Conspiracy to Distribute a Controlled Substance Analogue
### 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C), and 813

Beginning on or about March 1, 2011, and continuing through May 10, 2012, within the District of Idaho and elsewhere, the defendant, WILLIAM OLDENBURG, and others both

known and unknown, did unlawfully, knowingly and intentionally combine, conspire, confederate and agree with other persons both known and unknown to the Grand Jury to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of AM-2201 and UR-144, Schedule I controlled substance analogues as defined in 21 U.S.C. § 802(32), knowing that the substance was intended for human consumption as provided in 21 U.S.C. § 813, all in violation of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(C) and 813.

## COUNT FIVE

### Possession with Intent to Distribute a Controlled Substance Analogue
### 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), 813; 18 U.S.C. § 2

On or about October 31, 2011, in the District of Idaho, including at the business known as Boise Beverage and Tobacco in Boise, Idaho, the defendant, WILLIAM OLDENBURG, did knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of AM-2201, a Schedule I controlled substance analogue as defined in 21 U.S.C. § 802(32), knowing that the substance was intended for human consumption as provided in 21 U.S.C. § 813, and aided and abetted the same, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), 813, and Title 18, United States Code, Section 2.

## COUNT SIX

### Possession with Intent to Distribute a Controlled Substance Analogue
### 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), 813; 18 U.S.C. § 2

On or about January 3, 2012, in the District of Idaho, including at the business known as Boise Beverage and Tobacco in Boise, Idaho, the defendant, WILLIAM OLDENBURG, did knowingly and intentionally distribute and possess with intent to distribute a mixture and

substance containing a detectable amount of AM-2201, a Schedule I controlled substance analogue as defined in 21 U.S.C. § 802(32), knowing that the substance was intended for human consumption as provided in 21 U.S.C. § 813, and aided and abetted the same, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), 813, and Title 18, United States Code, Section 2.

## COUNT SEVEN

### Possession with Intent to Distribute a Controlled Substance Analogue
### 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), 813; 18 U.S.C. § 2

On or about February 22, 2012, in the District of Idaho, including at the business known as Boise Beverage and Tobacco in Boise, Idaho, the defendant, WILLIAM OLDENBURG, did knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of AM-2201, a Schedule I controlled substance analogue as defined in 21 U.S.C. § 802(32), knowing that the substance was intended for human consumption as provided in 21 U.S.C. § 813, and aided and abetted the same, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), 813, and Title 18, United States Code, Section 2.

## COUNT EIGHT

### Possession with Intent to Distribute a Controlled Substance Analogue
### 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), 813; 18 U.S.C. § 2

On or about March 22, 2012, in the District of Idaho, including at the business known as Boise Beverage and Tobacco in Boise, Idaho, the defendant, WILLIAM OLDENBURG, did knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of AM-2201, a Schedule I controlled substance analogue as defined in 21 U.S.C. § 802(32), knowing that the substance was intended for human

consumption as provided in 21 U.S.C. § 813, and aided and abetted the same, in violation of

Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), 813, and Title 18, United States

Code, Section 2.

## COUNT NINE

### Possession with Intent to Distribute a Controlled Substance Analogue
### 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 813

On or about April 4, 2012, in the District of Idaho, including at the business known as

Boise Beverage and Tobacco in Boise, Idaho, the defendant, WILLIAM OLDENBURG, did

knowingly and intentionally distribute and possess with intent to distribute a mixture and

substance containing a detectable amount of AM-2201, a Schedule I controlled substance

analogue as defined in 21 U.S.C. § 802(32), knowing that the substance was intended for human

consumption as provided in 21 U.S.C. § 813, in violation of Title 21, United States Code,

Sections 841(a)(1) and (b)(1)(C), and 813.

## COUNT TEN

### Conspiracy to Structure Transactions
### 18 U.S.C. §§ 2 and 371; 31 U.S.C. §§ 5324(a)(1) and (a)(3)

Beginning on an unknown date, but existing at least in and between the dates of July

2011 and the date of this Superseding Indictment, the exact dates being unknown to the Grand

Jury, in the District of Idaho and elsewhere, defendants DONOVAN JOHNS and WILLIAM

OLDENBURG did knowingly and intentionally combine, conspire, confederate and agree with

each other, and with other persons known and unknown to the grand jury, to commit certain

offenses against the United States as follows:

   (a)  Knowingly and for the purpose of evading the reporting requirements of

Title 31, United States Code, Section 5313(a), and the regulations promulgated thereunder, to

cause and attempt to cause a domestic financial institution to fail to file a report required under Section 5313(a), or any regulation prescribed thereunder, in violation of 31 U.S.C. § 5324(a)(1), and did so while violating another law of the United States and as part of a pattern of illegal activity involving more than $100,000 in a 12-month period; and

(b)     Knowingly and for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, to structure, assist in structuring, and attempt to structure and assist in structuring, transactions with a domestic financial institution, in violation of 31 U.S.C. § 5324(a)(3), and did so while violating another law of the United States and as part of a pattern of illegal activity involving more than $100,000 in a 12-month period.

### *Overt Acts*

1.     In furtherance of the conspiracy and to achieve the objects thereof, the defendants and their co-conspirators committed and caused to be committed the following overt acts in the District of Idaho and elsewhere:

2.     Defendants WILLIAM OLDENBURG and DONOVAN JOHNS caused the deposits of currency and money orders to be made to the following Wells Fargo accounts:

**Wells Fargo Bank Accounts 0284 and 1194**:

| **INDIVIDUAL** | **DATE** | **AMOUNT** | **DEPOSIT** | **ACCOUNT** |
|----------------|----------|------------|-------------|-------------|
| Oldenburg | 9/2/2011 | $ 9,500.00 | Currency | 0284 |
| Oldenburg | 9/2/2011 | $ 9,500.00 | Currency | 1194 |
|  |  |  |  |  |
| Oldenburg | 9/16/2011 | $ 9,500.00 | Money Order | 0284 |
| Unknown | 9/15/2011 | $ 9,500.00 | Currency | 1194 |
| Oldenburg | 9/16/2011 | $ 9,500.00 | Money Order | 1194 |

*SUPERSEDING INDICTMENT - 9*

| | | | | |
|---|---|---|---|---|
| Oldenburg | 9/26/2011 | $ 5,000.00 | Money Order | 0284 |
| Oldenburg | 9/26/2011 | $ 5,500.00 | Currency | 1194 |
| | | | | |
| Oldenburg | 9/30/2011 | $ 5,000.00 | Currency | 1194 |
| Oldenburg | 9/30/2011 | $ 5,500.00 | Currency | 1194 |
| | | | | |
| Oldenburg | 11/1/2011 | $ 7,000.00 | Money Order | 1194 |
| Oldenburg | 11/3/2011 | $ 5,000.00 | Currency | 1194 |
| Oldenburg | 11/4/2011 | $ 5,000.00 | Currency | 1194 |
| | | | | |
| Oldenburg | 11/7/2011 | $ 5,000.00 | Money Order | 1194 |
| Oldenburg | 11/8/2011 | $ 10,000.00 | Money Order | 1194 |
| | | | | |
| Oldenburg | 11/9/2011 | $ 10,000.00 | Currency | 1194 |
| Oldenburg | 11/9/2011 | $     874.00 | Currency | 1194 |
| | | | | |
| Oldenburg | 11/22/2011 | $ 5,000.00 | Currency | 1194 |
| Oldenburg | 11/23/2011 | $ 5,000.00 | Money Order | 1194 |
| Oldenburg | 11/23/2011 | $ 5,000.00 | Currency | 1194 |
| | | | | |
| Oldenburg | 11/30/2011 | $ 5,000.00 | Currency | 1194 |
| Johns | 12/1/2011 | $ 5,153.00 | Money Order | 1194 |
| | | | | |
| Oldenburg | 12/2/2011 | $ 10,000.00 | Currency | 1194 |
| Oldenburg | 12/2/2011 | $ 4,000.00 | Money Order | 1194 |
| | | | | |

| Johns | 12/8/2011 | $ 10,000.00 | Money Order | 0284 |
|---|---|---|---|---|
| Oldenburg | 12/8/2011 | $ 10,000.00 | Currency | 1194 |
| Oldenburg | 12/8/2011 | $ 5,000.00 | Currency | 1194 |
| | | | | |
| Oldenburg | 12/28/2011 | $ 5,000.00 | Currency | 1194 |
| Johns/Oldenburg | 12/29/2011 | $ 10,000.00 | Money Order | 1194 |

3.     On the dates and in the amounts set out below, defendants WILLIAM

OLDENBURG and DONOVAN JOHNS caused currency withdrawals from the Metabank

accounts set out below (account 0152 being an account in the name of William Oldenburg and

account 5643 being an account in the name of Donovan Johns):

**Metabank – GreenDot Card Accounts**:

| **DATE** | **AMOUNT** | **WITHDRAWAL** | **ACCOUNT** |
|---|---|---|---|
| 9/1/2011 | $ 9,500.00 | Currency | 0152 |
| 9/1/2011 | $ 9,500.00 | Currency | 0152 |
| | | | |
| 9/14/2011 | $ 9,500.00 | Currency | 0152 |
| 9/15/2011 | $ 9,500.00 | Currency | 0152 |
| 9/16/2011 | $ 9,500.00 | Currency | 0152 |
| | | | |
| 9/22/2011 | $ 5,000.00 | Currency | 0152 |
| 9/23/2011 | $ 5,000.00 | Currency | 0152 |
| 9/24/2011 | $ 5,000.00 | Currency | 0152 |
| | | | |
| 9/27/2011 | $ 5,000.00 | Currency | 0152 |
| 9/28/2011 | $ 5,000.00 | Currency | 0152 |
| 9/29/2011 | $ 5,000.00 | Currency | 0152 |
| 9/30/2011 | $ 5,000.00 | Currency | 0152 |
| | | | |
| 11/1/2011 | $ 7,000.00 | Currency | 0152 |
| 11/1/2011 | $ 5,000.00 | Currency | 0152 |
| 11/2/2011 | $ 5,000.00 | Currency | 0152 |
| 11/4/2011 | $ 5,000.00 | Currency | 0152 |
| | | | |

| 11/5/2011 | $ 5,000.00 | Currency | 0152 |
|---|---|---|---|
| 11/6/2011 | $ 5,000.00 | Currency | 0152 |
| 11/7/2011 | $ 5,000.00 | Currency | 0152 |
| 11/8/2011 | $ 5,000.00 | Currency | 0152 |
| 11/9/2011 | $ 5,000.00 | Currency | 0152 |
| | | | |
| 11/21/2011 | $ 5,000.00 | Currency | 0152 |
| 11/21/2011 | $ 5,000.00 | Currency | 5643 |
| 11/22/2011 | $ 5,000.00 | Currency | 1152 |
| 11/23/2011 | $ 5,000.00 | Currency | 5643 |
| 11/23/2011 | $ 5,000.00 | Currency | 0152 |
| | | | |
| 11/28/2011 | $ 5,000.00 | Currency | 0152 |
| 11/28/2011 | $ 5,000.00 | Currency | 5643 |
| 11/29/2011 | $ 5,000.00 | Currency | 5643 |
| | | | |
| 12/5/2011 | $ 5,000.00 | Currency | 0152 |
| 12/6/2011 | $ 5,000.00 | Currency | 0152 |
| 12/7/2011 | $ 5,000.00 | Currency | 0152 |
| 12/8/2011 | $ 5,000.00 | Currency | 0152 |
| 12/9/2011 | $ 5,000.00 | Currency | 0152 |
| | | | |
| 12/21/2011 | $ 5,000.00 | Currency | 0152 |
| 12/21/2011 | $ 5,000.00 | Currency | 5643 |
| 12/22/2011 | $ 5,000.00 | Currency | 0152 |
| 12/23/2011 | $ 5,000.00 | Currency | 0152 |
| 12/23/2011 | $ 5,000.00 | Currency | 5643 |

4.     Defendants WILLIAM OLDENBURG and DONOVAN JOHNS purchased Western Union money orders at Money Tree on the dates and in the amounts indicated below, and caused said money orders to be deposited into their Wells Fargo accounts on the specified dates, including additional deposits of currency on the dates indicated.  The defendants' accounts are as follows:

0284- Boise Beverage & Tobacco

1194- Oldenburg and Johns

1551- Oldenburg and Johns

**Money Tree – Western Union Money Orders**:

| NAME | DATE OF PURCHASE | AMOUNT | DATE OF DEPOSIT | ACCOUNT | CURRENCY DEPOSITS |
|---|---|---|---|---|---|
| Oldenburg | 9/15/2011 | $ 9,500.00 | 9/16/2011 | 0284 | |
| Oldenburg | 9/16/2011 | $ 9,500.00 | 9/16/2011 | 1194 | |
| | | | | | |
| Oldenburg | 9/24/2011 | $ 5,000.00 | 9/26/2011 | 0284 | $5,5K in 1194 |
| | | | | | |
| Oldenburg | 11/5/2011 | $ 5,000.00 | 11/7/2011 | 1194 | |
| Oldenburg | 11/7/2011 | $ 5,000.00 | 11/8/2011 | 1194 | $5K in 1194 |
| | | | | | |
| Johns | 11/16/2011 | $ 5,000.00 | 11/18/2011 | 1551 | |
| Johns | 11/17/2011 | $ 5,000.00 | 11/18/2011 | 1551 | |
| Johns | 11/18/2011 | $ 5,000.00 | 11/18/2011 | 1551 | |
| | | | | | |
| Johns | 11/21/2011 | $ 5,000.00 | 12/8/2011 | 0284 | |
| Johns | 11/23/2011 | $ 5,000.00 | 11/23/2011 | 1194 | |
| Johns | 11/28/2011 | $ 5,000.00 | 12/8/2011 | 0284 | $15K in 1194 |
| | | | | | |
| Johns | 11/29/2011 | $ 5,000.00 | 12/1/2011 | 1194 | |
| Johns | 11/30/2011 | $ 4,000.00 | 12/2/2011 | 1194 | $10K in 1194 |
| | | | | | |
| Johns/Oldenburg | 12/21/2011 | $ 10,000.00 | 12/22/2011 | 1194 | |
| John/Oldenburg | 12/23/2011 | $ 8,000.00 | 12/23/2011 | 1194 | $7K in 1194 |
| | | | | | |
| Johns | 12/29/2011 | $ 5,000.00 | 12/29/2011 | 1194 | $5K in 1194 |

All in violation of Title 18, United States Code, Sections 2 and 371.

## COUNT ELEVEN

### Conspiracy to Launder Money
### 18 U.S.C. §§ 1956(a)(1)(A)(i) and (B); 1956(h), 1957

The allegations set forth in Counts One through Ten, and the introductory thereto, are re-alleged and incorporated herein by reference.

Beginning on an unknown date, but existing at least between the dates of March 1, 2011, and May 10, 2012, within the District of Idaho and elsewhere, WILLIAM OLDENBURG and others both known and unknown to the grand jury, did knowingly and intentionally combine,

*SUPERSEDING INDICTMENT - 13*

conspire, confederate and agree with other persons known and unknown to the Grand Jury, to commit certain offenses against the United States in violation of Title 18, United States Code, Section 1956(h), as follows:

(a)　　To conduct and attempt to conduct, and cause and aid and abet others to conduct, financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, conspiracy to import, manufacture, distribute and possess with intent to distribute controlled substances, controlled substance analogues, and drug paraphernalia; money laundering; drug trafficking; the transportation and sale of drug paraphernalia; and interstate travel and transportation in aid of racketeering enterprises: (1) with the intent to promote the carrying on of said specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i); (2) knowing that such transactions were designed in whole and in part to conceal the nature, location, source, ownership and control of the proceeds of said specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and (3) knowing that such transactions were designed in whole and in part to avoid a transaction reporting requirement under federal law, in violation of 18 U.S.C. § 1956(a)(1)(B)(ii); and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity;

(b)　　To knowingly engage, attempt to engage, and cause and aid and abet others in engaging in, within the United States, monetary transactions in criminally derived property that was of a value greater than $10,000 in each transaction and was derived from specified unlawful activity; that is, conspiracy to import, manufacture, distribute and possess with intent to distribute controlled substances, controlled substance analogues, and drug paraphernalia; money laundering; drug trafficking; the transportation and sale of drug

paraphernalia; and interstate travel and transportation in aid of racketeering enterprises; in violation of Title 18, United States Code, Section 1957.

*Objects of the Conspiracy*

The objects of the conspiracy include, but are not limited to the objects set forth in Counts One through Ten, which are incorporated herein by reference, and the following:

1. To financially support and maintain the operation of their businesses involved in the manufacture, sale and distribution of controlled substances and controlled substance analogues, and the purchase, resale and distribution of drug paraphernalia;

2. To distribute the proceeds they derived from the sale of controlled substances and controlled substance analogues to themselves and others;

3. To procure the necessary materials, including chemicals and packaging materials, used in the manufacturing of controlled substances and controlled substance analogues;

4. To participate with and financially support others involved in the manufacture and distribution of controlled substances and controlled substance analogues, including entering into business arrangements and making loans and obtaining repayment;

5. To maintain multiple accounts at financial institutions and use them in such a way as to facilitate the transfer and the concealment of their criminal proceeds from government and banking scrutiny;

6. To procure controlled substances and controlled substance analogues for resale;

7. To procure items of drug paraphernalia for resale;

8.    To promote and facilitate additional money laundering and trafficking in controlled substances and controlled substance analogues.

9.    To expand the markets, locations, influence and profits of their illegal business activities by moving their illegal proceeds into the interstate and foreign banking systems;

10.   To invest the proceeds of their illegal activity in legitimate business activities, and into real and personal properties, including through the commingling of drug and money-laundering assets with legitimate assets, and thereby distance themselves from their criminal activities and provide and maintain the appearance of legitimately acquired wealth within the communities in which they live and work.

*Means and Methods of the Conspiracy*

The means and methods used by the defendants and their associates to accomplish the objects of the conspiracy include, but are not limited to, the following:

1.    Forming businesses in order to open bank accounts in the names of businesses which will be involved in their illegal activities, and funding the accounts with criminally derived proceeds.

2.    Conducting financial transactions through the accounts in order to pay expenses, purchase property, and secure materials needed in the manufacturing of controlled substances and controlled substance analogues, and acquire drug paraphernalia and other items for sale and distribution through their businesses.

3.    Conducting financial transactions to stock their stores with quasi-legitimate and legitimate items, such as tobacco-related products, to maintain the appearance of a legal tobacco smoke shop.

4.      Deliberately concealing the illegal nature and sources of their acquired

proceeds through various means, including packaging and store notices,

labels and statements declaring that their controlled substances and

controlled substance analogues were "potpourri," "aromatics," or other

items which were not for smoking or other human consumption, and that

their drug paraphernalia items were for tobacco use only.

5.      Conducting financial transactions through the accounts in order to

commingle and distribute the illicit profits of their businesses.

All in violation of Title 18, United States Code, Sections 2 and 1956(h).

## CRIMINAL FORFEITURE ALLEGATIONS

### Drug Forfeiture
### 21 U.S.C. § 853(a)(1)

As a result of the violations of Title 21, United States Code, Sections 813, 841(a)(1) and

(b)(1), 846, and 863, as charged in this Superseding Indictment, the defendants, WILLIAM

OLDENBURG and DONOVAN JOHNS, shall forfeit to the United States any and all property,

real and personal, tangible and intangible, consisting of or derived from any proceeds the

defendants obtained directly or indirectly as a result of the foregoing drug offenses; and any and

all property, real and personal, tangible and intangible, used or intended to be used, in any

manner or part, to commit, or to facilitate the commission of, the foregoing offenses, pursuant to

Title 21, United States Code, Sections 853(a)(1) and (2); these interests include, but are not

limited to the defendants' interests in the properties described below:

A.      Cash Proceeds:  At least $1 million in United States currency and all

interest and proceeds traceable thereto, in that such sum in aggregate is property which

constituted proceeds of the charged offenses and property used or intended to be used to

facilitate such offenses, and was subsequently expended, spent, distributed or otherwise disposed of by the defendants.

      B.     Real Property:  All right, title and interest in land and appurtenances and improvements, including buildings and residences, and proceeds of sale thereof, more fully described below:

      (1)     All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements, located at 1098 North Eagle Hills Way, Eagle, Idaho, APN: R2024170225, Record Owner: William and Marie Oldenburg, more particularly described as follows:

> LOT 18 IN BLOCK 4 OF EAGLE HILLS WEST NO. 3 SUBDIVISION, ACCORDING TO THE OFFICIAL PLAT THEREOF, FILED IN BOOK 41 OF PLATS AT PAGES 3408 THROUGH 3410, RECORDS OF ADA COUNTY, IDAHO.

      (2)     All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements located at 1885 East Old Saybrook Lane, Boise, Idaho, APN: R9465800550, Record Owner: The Estate of Gary Oldenburg, more particularly described as follows:

> LOT 55 OF WINDSTREAM TOWNHOUSE SUBDIVISION, ACCORDING TO THE OFFICIAL PLAT THEREOF, FILED IN BOOK 51 OF PLATS AT PAGE(S) 4213 THROUGH 4215, AND AS IDENTIFIED BY DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS RECORDED UNDER INSTRUMENT NO. 8120206, RECORDS OF ADA COUNTY, IDAHO.

      (3)     All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements located at 6638 Sage Canyon Way, Middleton, Idaho, APN: 37629121 0, Record Owner: William and Marie Oldenburg, more particularly described as follows:

> LOT 15, BLOCK 2, OF SAGE CANYON ESTATES, ACCORDING TO THE PLAT FILED IN BOOK 41 OF PLATS, PAGE 44, RECORDS OF CANYON COUNTY, IDAHO.

(4)     All that lot or parcel of land, together with its buildings, appurtenances,

improvements, fixtures, attachments, and easements located at 21277 West Harmony Lane,

Greenleaf, Idaho, APN: 36218010 0, Record Owner: William Oldenburg, more particularly

described as follows:

> A PART OF THE SOUTHEAST QUARTER OF THE SOUTHWEST QUARTER OF
> THE NORTHEAST QUARTER OF SECTION 21, TOWNSHIP 4 NORTH, RANGE 4
> WEST, BOISE MERIDIAN, CANYON COUNTY, IDAHO, MORE PARTICULARLY
> DESCRIBED, TO WIT:
> COMMENCING AT THE NORTHEAST CORNER OF THE SAID SOUTHEAST
> QUARTER OF THE SOUTHWEST QUARTER OF THE NORTHEAST QUARTER;
> THENCE SOUTH 0° 39' 57" EAST 15.00 FEET ALONG THE EAST LINE OF THE
> SAID SOUTHEAST QUARTER OF THE SOUTHWEST QUARTER OF THE
> NORTHEAST QUARTER TO THE SOUTH LINE OF A RIGHT OF WAY
> DESCRIBED IN BOOK 6 OF BONDS AND AGREEMENTS, PAGE 6, RECORDS OF
> CANYON COUNTY, IDAHO; THENCE SOUTH 89°30' 27" WEST 102.00 FEET
> ALONG SAID RIGHT OF WAY LINE TO THE INITIAL POINT OF THIS
> DESCRIPTION; THENCE CONTINUING ALONG SAID RIGHT OF WAY LINE
> SOUTH 89° 30' 27" WEST 75.00 FEET; THENCE
> SOUTH 0° 39' 57" EAST 130.00 FEET; THENCE
> NORTH 89° 30' 01" EAST 75.00 FEET; THENCE
> NORTH 0° 39' 57" WEST 129.99 FEET TO THE INITIAL POINT OF THIS
> DESCRIPTION.

(5)     All that lot or parcel of land, together with its buildings, appurtenances,

improvements, fixtures, attachments, and easements located at 423 13th Avenue South, Nampa,

Idaho, APN: 13723000 0, Record Owner William, Oldenburg, more particularly described as

follows:

> FRACTIONAL LOT 59, BLOCK 60 OF THE ORIGINAL TOWNSITE OF NAMPA,
> CANYON COUNTY, IDAHO, ACCORDING TO THE AMENDED PLAT FILED IN
> BOOK 1 OF PLATS, PAGE 13, RECORDS OF SAID COUNTY.
> AND
> FRACTION LOT 11, BLOCK 2 OF WATERHOUSE'S ADDITION TO NAMPA,
> CANYON COUNTY, IDAHO, ACCORDING TO THE PLAT FILED IN BOOK 1 OF
> PLATS, PAGE 15, RECORDS OF SAID COUNTY.

(6)     All that lot or parcel of land, together with its buildings, appurtenances,

improvements, fixtures, attachments, and easements located at 2031 Winterhaven Drive, Hailey,

Idaho, APN: RPH04770060060, Record Owner: William and Marie Oldenburg, more

particularly described as follows:

> LOT 6 IN BLOCK 6, WOODSIDE SUBDIVISION NO. 27, PHASE 2 AMENDED,
> ACCORDING TO THE OFFICIAL PLAT THEREOF, RECORDED AS
> INSTRUMENT NO. 486712, RECORDS OF BLAINE COUNTY, IDAHO.

> (7)     All that lot or parcel of land, together with its buildings, appurtenances,

improvements, fixtures, attachments, and easements located at 2663 Highway 95, Council,

Idaho, APN: 17N01W016500A, (being approx.16.86 acres), Record Owner: William and Marie

Oldenburg, more particularly described as follows:

> Township 17 North, Range 1 West, Boise Meridian, Adams County, Idaho:
> Section 1:  All that part of the SW1/4SW1/4 and SE1/4SW1/4 lying South of the Weiser
> River and West of Peaceful Pines Subdivision as shown on the official plat of said
> subdivision recorded in Book 1 Page 37 in the Adams County Recorder's Office.
> SUBJECT TO AND TOGETHER WITH AND RESERVING UNTO GRANTOR a 50
> foot wide right-of-way within the NW1/4NE1/4 and N1/2NW1/4 of Section 12,
> T17NR1WBM, which right-of-way is for ingress-egress and utilities, including without
> limitations, for vehicles, pedestrians, utility access and related service access thereof such
> as to clear and service the road, and which right-of-way runs from the intersection of the
> old County Road to the South line of the subject property conveyed above.

> (8)     All that lot or parcel of land, together with its buildings, appurtenances,

improvements, fixtures, attachments, and easements located at 3400 Highway 95, Parma, Idaho,

APN:  06N05W043481, Record Owner: Marie Oldenburg, more particularly described as

follows:

> Sec. 4-6-5- TAX 23 IN GOV LOT 4, RECORDS OF PAYETTE COUNTY, IDAHO.

> (9)     All that lot or parcel of land, together with its buildings, appurtenances,

improvements, fixtures, attachments, and easements located at 1718 Crystal Lake Dr., Lakeland,

Polk County, Florida, APN: 242820238200001060, Record Owner: William Oldenburg, more

particularly described as follows:

> INTERLACHEN HEIGHTS: SEC 20 TWN 28S, RNG 24E, PB 35 PG 32 BLK 1 LOT 6

(10)     All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements located at 8959 Old Sky Harbor, San Antonio, Bexar County, Texas, APN No. 17541-061-0080, Record Owner: William Oldenburg, more particularly described as follows:

NCB 17541 BLK 61 LOT 8

(11)     All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements located at 604 Highcrest Dr., Unit 412, Marble Falls, Burnet County, Texas, APN: 63042, Record Owner: William Oldenburg, more particularly described as follows:

S8403 TROPICAL HIDEAWAY LOT MAUI BLDG UNIT 412 & 1/66 INT IN LOTS 1, 2, TENNIS

(12)     All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements located at 21302 West Main Street, Greenleaf, Canyon County, Idaho, APN: 36239000 0, Record Owner: Donovan Johns, more particularly described as follows:

COMMENCING AT THE SOUTHWEST CORNER OF THE SE1/4 SE1/4 SW1/4 NE1/4 OF SECTION 21, TOWNSHIP 4 NORTH, RANGE 4 WEST, BOISE MERIDIAN, CANYON COUNTY, IDAHO;

THENCE RUNNING EAST ON SOUTH LINE OF SAID NE1/4 OF SECTION 21 A DISTANCE OF 33 FEET;

THENCE NORTH AT RIGHT ANGLES A DISTANCE OF 25 FEET TO THE REAL PLACE OF BEGINNING;

THENCE RUNNING NORTH ON A LINE PARALLEL WITH THE WEST LINE OF SAID NE1/4 OF SECTION 21 A DISTANCE OF 150 FEET;

THENCE EAST ON A LINE PARALLEL WITH THE SOUTH LINE OF THE SAID NE1/4 OF SECTION 21 A DISTANCE OF 50 FEET;

THENCE SOUTH A DISTANCE OF 150 FEET TO A POINT;

THENCE RUN WEST A DISTANCE OF 50 FEET TO THE PLACE OF BEGINNING.

EXCEPTING THEREFROM

A PARCEL OF LAND BEING ON THE NORTHERLY SIDE OF THE CENTERLINE OF STATE HIGHWAY NO. 19, PROJECT NO. S-SG-3712(3) HIGHWAY SURVEY AS ABOVE ON THE PLANS THEREOF NOW ON FILE IN THE OFFICE OF THE DEPARTMENT OF HIGHWAYS OF THE STATE OF IDAHO, AND BEING A PORTION OF THE SE1/4 SE1/4 SW1/4 NE1/4 OF SECTION 21, TOWNSHIP 4 NORTH, RANGE 4 WEST, BOISE MERIDIAN, CANYON COUNTY, IDAHO, DESCRIBED AS FOLLOWS, TO-WIT:

COMMENCING AT THE SOUTHWEST CORNER OF THE SE1/4 SE1/4 SW1/4 NE1/4 OF SECTION 21, TOWNSHIP 4 NORTH, RANGE 4 WEST, BOISE MERIDIAN, CANYON COUNTY, IDAHO;

THENCE EASTERLY ALONG THE SOUTH LINE OF SAID SE1/4 SE1/4 SW1/4 NE1/4 A DISTANCE OF 33 FEET;

THENCE NORTH A DISTANCE OF 25 FEET TO THE SOUTHWEST CORNER OF THE TRACT OF LAND AS DESCRIBED IN THAT CERTAIN WARRANTY DEED DATED MAY 8, 1950 AND RECORDED MAY 16, 1950 AS INSTRUMENT NO. 363513, RECORDS OF CANYON COUNTY, IDAHO, AND BEING THE REAL POINT OF BEGINNING;

THENCE EASTERLY ALONG THE SOUTH LINE OF SAID TRACT OF LAND A DISTANCE OF 50 FEET TO THE SOUTHEAST CORNER THEREOF;

THENCE NORTHERLY ALONG THE EAST LINE OF SAID TRACT OF LAND A DISTANCE OF 5 FEET, MORE OR LESS, TO A POINT ON A LINE PARALLEL WITH AND 30 FEET NORTHERLY FROM THE CENTERLINE OF SAID STATE HIGHWAY NO. 19, PROJECT NO. SSG-3712 (30 HIGHWAY SURVEY;

THENCE NORTH 89°10'00" WEST ALONG SAID PARALLEL LINE A DISTANCE OF 50 FEET, MORE OR LESS, TO A POINT IN THE WEST LINE OF SAID TRACT OF LAND;

THENCE SOUTHERLY ALONG SAID WEST LINE A DISTANCE OF 5 FEET, MORE OR LESS, TO THE REAL POINT OF BEGINNING.

(13)   All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements located at 1912 West Hendricks Court, Meridian, Idaho, APN: R3161210670, Record Owner:  Donovan and Monique Johns, more particularly described as follows:

*SUPERSEDING INDICTMENT - 22*

LOT 16 IN BLOCK 7 OF GLENNFIELD MANOR NO. 2 OF SUBDIVISION, ACCORDING TO THE PLAT THEREOF, FILED IN BOOK 53 OF PLATS AT PAGES 4753 AND 4754, AND AMENDED BY AN AFFIDAVIT RECORDED DECEMBER 5, 1985, AS INSTRUMENT NO. 8564074, RECORDS OF ADA COUNTY, IDAHO.

B.      Bank Accounts/Investment Accounts/Management Accounts (or any funds traceable thereto):

a.      The approximate amount of $30,278.70 seized on or about May 11, 2012, from USAA Bank, Account No. xxxxxx1285;

b.      The approximate amount of $81,718.24 seized on or about May 11, 2012, from the Wells Fargo Bank accounts, listed below:

1)      Account No. xxxxxx2925 - Value at seizure $20,720.44 - held in the name of William Oldenburg;

2)      Account No. xxx-xxx5550 - Value at seizure $239.84 - held in the name of Gary's Dream LLC;

3)      Account No. xxx-xxx1040 - Value at seizure $1,930.30 - held in the name of William Oldenburg;

4)      Account No. xxx-xxx7965 - Value at seizure $1,347.00 - held in the name of Gary's Dream LLC;

5)      Account No. xxxxxx5792 - Value at seizure $100.54 - held in the name of Gary's Dream LLC;

6)      Account No. xxx-xxx1194 - Value at seizure $7,720.54 - held in the name of Donovan Johns and William Oldenburg;

7)      Account No. xxxxxx0284 - Value at seizure $31,368.48 - held in the name of Gary's Dream LLC; and

8)      Account No. xxxxxx1551 - Value at seizure $18,291.10 - account

Owner: Monique Johns, Donovan Johns and William Oldenburg.

c.      The approximate amount of $5,980.58, seized on or about May 22, 2012,

from Edward Jones, Account No. xxx-xx134-1-1, held in the name of William

Oldenburg;

d.      The approximate amount of $6,000.00, seized on or about May 18, 2012,

from TD Ameritrade, Account No. xxx-xx8545-1, held in the name of Marie Oldenburg;

e.      The approximate amount of $35,182.75, seized on or about May 10, 2012,

from ENT Federal Credit Union, Account No. xxxx5106, held in the name of William

and Marie Oldenburg;

f.      The approximate amount of $16,785.22, seized on or about May 10, 2012,

from Idaho Banking Company, Account No. xxxx3346, held in the name of Spectrum

Partners LLC;

g.      The approximate amount of $52,579.86, seized on or about May 11, 2012,

from Idaho Banking Company, Account No. xxxx5980, held in the name of Gary's

Dream LLC; and

h.      The approximate sum of $25,000.00, seized from defendant Donovan

Johns' attorney, Randall Barnum.

D.      Personal Property:

1.      U.S. Currency in the approximate amount of $704.00 seized by the Boise

Police Department on or about May 10, 2012 inside a Blue Chevy Tahoe registered to

Gary's Dream;

2.      2006 Honda Odyssey Van, VIN No. 5FNRL38796B027788; and

*SUPERSEDING INDICTMENT - 24*

3.      Approximately 964 items of drug paraphernalia seized on or about May 10, 2012, from the business known as Boise Beverage & Tobacco, and currently in the custody of the United States Marshals Service.

**Structuring Forfeiture**
**31 U.S.C. § 5317(c)(1)**

As a result of violations charged in Count Ten of this Superseding Indictment, the defendants, WILLIAM OLDENBURG and DONOVAN JOHNS, shall forfeit to the United States of America, pursuant to Title 31, United States Code, Section 5317(c)(1), all property, real or personal, involved in the offense and all property traceable to such property.  The property to be forfeited includes, but is not limited to the following:

A.      Cash Proceeds:  At least $903,607.36 in United States currency and all interest and proceeds traceable thereto, in that such property, real or personal, was involved in the offenses set out above or is property traceable thereto.

B.      Bank Accounts/Investment Accounts/Management Accounts:

Accounts held at Wells Fargo:

Gary's Dream, dba Boise Beverage & Tobacco
Checking Account No.  xxxxxx0284

William Oldenburg and Donovan Johns:
Money Market Savings Account No.  xxxxxx1194

William Oldenburg and Donovan Johns:
Checking Account No.  xxxxxx1551

Account held at Idaho Banking Company:

Gary's Dream
Savings Account No.: xxxx5980

*SUPERSEDING INDICTMENT - 25*

Accounts held at MetaBank:

Donovan Johns
Account Nos.  xxxxxxxxxxxx5643
                 xxxxxxxxxxxx2797

William Oldenburg
Account Nos.  xxxxxxxxxxxx0152
                 xxxxxxxxxxxx0580

## Money Laundering Forfeiture
## 18 U.S.C. § 982

As a result of the violations of 18 U.S.C. 1956(h) and 1957, as charged in Count Eleven of this Superseding Indictment, the defendant, WILLIAM OLDENBURG, shall forfeit to the United States any and all property, real and personal, involved in the aforestated violations and all property traceable to such property, including the real and personal property items set out in the forfeiture allegations above, which are re-alleged and incorporated herein, including, but not limited to the following:

**Cash Proceeds**:  At least $1 million in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is property which constituted proceeds of the charged offenses and property which was involved in the commission of the charged offenses and was subsequently expended, spent, distributed or otherwise disposed of by the defendant.

## Forfeiture of Drug Paraphernalia and Proceeds
## 21 U.S.C. §§ 853(a)(1) and (2), 863(c)

As a result of violations charged in Counts One, Two and Three of this Superseding Indictment, the defendants, WILLIAM OLDENBURG and DONOVAN JOHNS, shall forfeit to the United States of America, pursuant to Title 21, United States Code, Sections 853 and 863,

*SUPERSEDING INDICTMENT - 26*

any and all property constituting or derived from any proceeds the defendant obtained, directly or indirectly, as the result of such violations; any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations; and any drug paraphernalia, including any drug paraphernalia involved in such violations.

All in violation of Title 21, United States Code, Sections 853 and 863.

### Substitute Assets - All Forfeiture Counts:

If any of the property described above, as a result of any act or omission of the defendants:

      a)     Cannot be located upon the exercise of due diligence;

      b)     Has been transferred or sold to, or deposited with, a third party;

      c)     Has been placed beyond the jurisdiction of the court;

      d)     Has been substantially diminished in value; or

e)      Has been commingled with other property which cannot be divided

without difficulty, it is the intent of the United States of America, pursuant to Title 21, United

States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the

value of the above forfeitable properties and interests herein, including, but not limited to, all the

property referred to herein to the extent of any interests of the defendants which do not constitute

proceeds of violations charged.

DATED this _15th_ day of November, 2012.

A TRUE BILL,


/s/ [signature on reverse]
Foreperson


WENDY J. OLSON
United States Attorney
By:

Christian S. Nafzger
Assistant United States Attorney


Anthony G. Hall
Assistant United States Attorney


*SUPERSEDING INDICTMENT - 28*